```
                     UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
```

|                           |   |                                  |
|---|---|---|
| EDWARD WALKER DEAN,       | ) |                                  |
|                           | ) |                                  |
|         Plaintiff,        | ) |                                  |
|                           | ) | Civil Action No. 09-2235 (EGS)   |
|     v.                    | ) |                                  |
|                           | ) |                                  |
| EDWARD WALKER, et al.,    | ) |                                  |
|                           | ) |                                  |
|         Defendants.       | ) |                                  |

### **MEMORANDUM OPINION**

Pending before the Court is Defendant Mark Sypniewski's Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the motion, the response, the reply and surreply thereto, the applicable law, and for the following reasons, the Court concludes that it lacks personal jurisdiction over Defendant Sypniewski. At the request of plaintiff, however, the Court will exercise its discretion to transfer plaintiff's action against Defendant Sypniewski to the United States District Court for the Eastern District of Michigan.

**I.   FACTUAL BACKGROUND**

Plaintiff Edward Walker Dean brought this diversity action against Defendant Edward Walker, Defendant W Industries, and Defendant Sypniewski. In his complaint, plaintiff alleges (i) breach of contract, (ii) willful, malicious and wanton misconduct, and (iii) tortious interference with contract. *See*

Compl. ¶¶ 8-18. With regards to Defendant Sypniewski, plaintiff alleges, among other things, that Sypniewski "knew that [plaintiff] had a Consulting Agreement with W [Industries]," "made threats with the intent of causing the termination of the Consulting Agreement between W [Industries] and [plaintiff]," and "in fact induced W [Industries] to breach its Consulting Agreement with [plaintiff] and interfered with the economic [sic] advantageous relationship between [plaintiff] and W [Industries]." Compl. ¶¶ 17, 18.

In response, Defendant Sypniewski filed a motion to dismiss arguing that the Court lacks personal jurisdiction over him "as his limited contacts with the District of Columbia have been undertaken solely at the direction of [his employer]," and that plaintiff fails to allege the necessary facts to state a claim for tortious interference with a contract. Def.'s Mot. at 1-2. This motion is now ripe for determination by the Court.

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2)

A plaintiff bears the burden of establishing a factual basis for asserting personal jurisdiction over a defendant. *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). Bare allegations or conclusory statements are insufficient to establish personal jurisdiction; instead, the plaintiff "must allege specific facts connecting each defendant with the forum."

*GTE New Media Servs., Inc. v. Ameritech Corp.*, 21 F. Supp. 2d 27, 36 (D.D.C. 1998). When determining whether personal jurisdiction exists over a defendant, the Court need not treat all of a plaintiff's allegations as true. Instead, the Court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000) (internal quotation marks and citation omitted). Any factual discrepancies with regard to the existence of personal jurisdiction, however, must be resolved in favor of the plaintiff. *See Crane*, 894 F.2d at 456.

    **B.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). "'[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint[,]'" *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and grant the

plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). A court must not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Id.* In addition, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

**III. ANALYSIS**

This case arises under the Court's diversity jurisdiction. *See* Compl. ¶ 6 (asserting jurisdiction under 28 U.S.C. § 1332). Accordingly, whether the Court has personal jurisdiction over Sypniewski is a function of District of Columbia law. *Crane*, 814 F.2d at 762. Because plaintiff does not allege that Sypniewski is a resident of the District of the Columbia, the Court may exercise personal jurisdiction over the defendant only if plaintiff had plead sufficient facts to satisfy (1) the District of Columbia long-arm statute, D.C. Code § 13-423,[1] and (2) the

---

[1] Section 13-423(a) provides, in relevant part, that: "A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -(1) transacting any business in the District of Columbia; (2) contracting to supply

constitutional requirements of due process.[2]

In this case, plaintiff appears to base his argument that the long-arm statute confers personal jurisdiction over Sypniewski for his tortious interference claim on both §§ 13-423(a)(1) and (4): i.e., "transacting any business in the District of Columbia" and "causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia."  See Pl.'s Opp'n ¶¶ 11-12 (citing § 13-423(a)(1)); Pl.'s Opp'n ¶ 8 (asserting that "Sypniewski['s] acts in inducing the breach of Dean's Consulting Agreement which was to be performed in Washington, D.C. produced a result in D.C."). The Court finds both of these arguments unpersuasive.

---

services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . [.]"

[2]  To satisfy the Due Process Clause, a plaintiff must show that the defendant "purposefully avail[ed] himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws," *Kopff v. Battaglia*, 425 F. Supp. 2d 76, 83 (D.D.C. 2006) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)), and that the defendant has "'minimum contacts' . . .[and] 'conduct and connection with the forum [s]tate . . .such that he should reasonably anticipate being haled into court there.'"  *GTE New Media*, 199 F.3d at 1347 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297 (1980)).

5

First, with regards to § 13-423(a)(1), Defendant Sypniewski avers that he has "no personal business contacts with the District of Columbia," and has "never transacted any personal business within the District of Columbia." Declaration of Mark Sypniewski ("Sypniewski Decl.") ¶ 3. As plaintiff fails to allege any facts to the contrary, *see Crane*, 894 F.2d at 456 (discussing the plaintiff's burden to establish a factual basis for asserting personal jurisdiction), the Court finds that plaintiff has failed to establish long-arm jurisdiction under § 13-423(a)(1).

Nor can plaintiff establish personal jurisdiction pursuant to § 13-423(a)(4). Even assuming the truth of plaintiff's assertion that "Sypniewski['s] acts in inducing the breach of [his] Consulting Agreement . . . produced a result in D.C.," the Court finds that plaintiff has failed to establish that Defendant Sypniewski "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia[.]" D.C. Code § 13-423(a)(4). The extent of Sypniewski's contacts with the District of Columbia are (i) a four-day trip that he took with his family as a tourist in 2002, Sypniewski Decl. ¶ 3, and (ii) attendance at two conferences on behalf of his employer in March 2009 and March 2010, Sypniewski Decl. ¶ 8. As none of these contacts relate to the allegations

contained in this lawsuit, the Court finds that such sporadic contact is simply insufficient to establish a "regular" or "persistent" course of conduct in the District of Columbia as required by § 13-423(a)(4).  *See, e.g.*, *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 47-48 (D.D.C. 2010) (finding that three trips to solicit business in the District of Columbia did not create a persistent course of conduct).  While plaintiff asserts that because "Sypniewski does not eliminate phone calls, mail, e-mail, or other forms of contact in the District of Columbia . . . it should be accepted that [the defendant] has had sufficient contacts with the District of Columbia for this Court to obtain jurisdiction over him," Pl.'s Opp'n ¶ 9, the Court finds this argument both speculative and unpersuasive.  *See generally GTE New Media Servs.*, 21 F. Supp. 2d at 36 (requiring the plaintiff to allege "specific facts connecting each defendant with the forum"); *see also FC Inv. Group LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1095 n.8, 1096 n.9 (D.C. Cir. 2008) ("regular" telephone calls to the District of Columbia insufficient to establish long-arm jurisdiction under either §§ 13-423(a)(1) or (a)(4)).  Finally, in light of Sypniewski's sworn declaration describing his minimal contacts with the District of Columbia, the Court concludes that jurisdictional discovery would be futile, and therefore **DENIES** plaintiff's request for jurisdictional discovery.  *See GTE New Media Servs.*, 199 F.3d at

1351 (explaining that jurisdictional discovery is justified only if the plaintiff reasonably "demonstrates that it can supplement its jurisdictional allegations through discovery").

In conclusion, after closely considering the jurisdictional allegations in the complaint, plaintiff's opposition and surreply, and Sypniewski's declaration, the Court holds that plaintiff has failed to allege specific, non-conclusory allegations that establish personal jurisdiction over Sypniewski under the District of Columbia's long-arm statute.[3] Because the Court lacks personal jurisdiction over Defendant Sypniewski, the Court will exercise its discretion to transfer this action to Sypniewski's home forum – the United States District Court for the Eastern District of Michigan. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) ("The Court may transfer an action even though it lacks personal jurisdiction over the defendants."); *see also* 28 U.S.C. § 1406(a) (permitting courts, in the interest of justice, to transfer an action to any other district where it could have been brought).[4] The Court

---

[3] As plaintiff has failed to establish this Court's personal jurisdiction over Defendant Sypniewski pursuant to either §§ 13-423(a)(1) or (a)(4), the Court does not have to resolve "whether the exercise of personal jurisdiction is reasonable or fair [based on] [the District of Columbia's] 'interest in adjudicating the dispute.'" *Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*, 638 F. Supp. 2d 1, 11 (D.D.C. 2009) (quoting *World-Wide Volkswagen*, 444 U.S. at 292).

[4] In his surreply, plaintiff states that he "has no objection to this court transferring venue to the [E]astern

therefore declines to consider the merits of defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IV. CONCLUSION**

For the foregoing reasons, the Court concludes that it lacks personal jurisdiction over Defendant Sypniewski. Accordingly, plaintiff's action against Defendant Sypniewski will be transferred to the United States District Court for the Eastern District of Michigan. A separate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    EMMET G. SULLIVAN
           United States District Judge
           December 23, 2010**

---

[D]istrict of Michigan if it feels it has no jurisdiction."
Pl.'s Surreply at 3.