**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

EDWARD WALKER DEAN d/b/a
EDWARD WALKER DEAN
ASSOCIATES,

      Plaintiff,

v.

EDWARD WALKER, Individually and as
CEO for EJW ENTERPRISES I, INC.,
EJW ENTERPRISES I, INC.,

      Defendants.

</td><td>

Civil Action No. 09-2235 (AK)

</td></tr>
</table>

## AMENDED MEMORANDUM OPINION[1]

Plaintiff Edward Walker Dean ("Plaintiff") and Defendants Edward Walker ("Mr. Walker") and EJW Enterprises I, Inc. ("EJW Enterprises") (collectively, "Defendants") have consented to proceed before the undersigned for all purposes and trial. (*See* Docket Entry [45].) Currently before the Court is Defendants' Motion to Dismiss and for Summary Judgment [52] ("Defs.' Mot.") At the time Defendants filed their Motion to Dismiss and for Summary Judgment, they had already filed an Answer [5]. Therefore, Defendants moved to have the Motion to Dismiss converted into a Motion for Judgment on the Pleadings under Rule 12(c) [56], which the Court granted [57]. Plaintiff filed an Opposition to Defendants' original motion [53]

---

[1]The sole amendment to the Memorandum Opinion is typographical. Use of the word "tortuous" in the original Memorandum Opinion [67] was intended to be the word "tortious."

("Pl.'s Opp.") and a Surreply [58] after the Motion to Convert was granted.  For the following

reasons, Defendants' Motion will be GRANTED.

## I.  BACKGROUND

This case arises out of a Consulting Agreement between Plaintiff's company, Edward

Walker Dean and Associates, and Defendants.  EJW Enterprises[2] is a manufacturer of metal

products servicing the aerospace, defense, energy and industrial sectors, headquartered in Detroit,

Michigan.  (Answer at ¶ 3.)  The Consulting Agreement, entered into on August 10, 2009,

provided that Edward Walker Dean and Associates would "use its best efforts to represent [EJW

Enterprises] in securing business contracts and developing federal appropriations projects and

relationships." (Consulting Agreement [52-1] at 2.)  The Agreement was to be in effect until

July 31, 2010 and compensation was set at $15,000 per month.  (*Id.* at 2-3.)

Plaintiff makes three claims against Defendants: (1) Breach of Contract; (2) Willful,

Malicious and Wanton Misconduct; and (3) Tortious Interference with Contract and Inducing

Breach.  (Compl. at ¶¶ 8-18.)  Plaintiff's Complaint made the same three claims against Mark

Sypniewski, a procurement agent for General Dynamics Land Systems, a defense contractor.

(Compl. at ¶ 4.)  The claims against Mr. Sypniewski have been transferred from this Court to the

---

[2]EJW Enterprises was previously W Industries, and held that name during the events that gave rise to these claims.  W Industries was subsequently acquired by Tower Defense & Aerospace, LLC, and legally changed its name to EJW Enterprises I, Inc. (*See* Notice of Change in Defendant's Legal Name [42]; Order, July 20, 2011 [44].)  For purposes of this Memorandum Opinion, the Court will refer to the company as EJW Enterprises even if referring to actions taken when the company was named W Industries.

U.S. District Court for the Eastern District of Michigan owing to a lack of personal jurisdiction. (Order, Dec. 23, 2010 [35].)

Defendants challenge the breach of contract claim against Mr. Walker only, and make that challenge under Federal Rules of Civil Procedure 12(c) and Rule 56. (Defs.' Mot. at 4.) Defendants challenge the willful, malicious and wanton misconduct and tortious interference with contract claims against both EJW Enterprises and Mr. Walker and do so only under Rule 12(c). (Defs.' Mot. at 5-6.)

In Plaintiff's Complaint, he states that a copy of the Consulting Agreement "is attached hereto as 'Exhibit A' and incorporated by reference herein." (Compl. at ¶9.) Plaintiff does not attach the Consulting Agreement to the pleading, nor is there any Exhibit A to the Complaint. Defendants attach to their Motion for Judgment on the Pleadings a copy of the Consulting Agreement and a copy of the letter from EJW Enterprises to Plaintiff notifying him of the termination of the Agreement. (Defs.' Mot., Exs. A [52-3] and B [52-4].) Because both parties intended to rely on Exhibits attached to the pleadings, and because Defendants now seek summary judgment on one of their claims in addition to dismissal on the pleadings, the Court will treat Defendants' Motion as a Motion for Summary Judgment pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Langley v. Napolitano*, 677 F. Supp. 2d 261, 263 (D.D.C. 2010) (construing motion for judgment on the pleadings and, in the alternative, for summary judgment, as a motion for summary judgment where motion attached exhibits that both parties relied on but were not included in the complaint ); *Highland Renovation Corp. v. Hanover Ins. Group*, 620 F.

-3-

Supp. 2d 79 (D.D.C. 2009) (converting 12(b)(6) motion to summary judgment motion where court considered facts outside the complaint)

## II.  <u>STANDARD OF REVIEW</u>

Under Fed. R. Civ. P. 56(a), summary judgment shall be granted if the movant shows that there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). Summary judgment should be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The court is required to draw all justifiable inferences in the non-moving party's favor and to accept the non-moving party's evidence as true. *Anderson*, 477 U.S. at 255.  The non-moving party must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.  The non-moving party may not rely on allegations or conclusory statements; instead, the non-moving party is obliged to present specific facts that would enable a reasonable jury to find it its favor. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

## III.  <u>ANALYSIS</u>

### A.  Breach of Contract

As noted above, Defendants' Motion does not challenge Plaintiff's claim for breach of contract against EJW Enterprises, only the breach of contract claim against Mr. Walker.  (*See* Defs.' Mot. at 10.)  To prevail on a breach of contract pursuant to District of Columbia law, a

party must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages cause by the breach. *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009).  Defendants argue that Mr. Walker was not a party to the Agreement, and thus Plaintiff cannot establish that there was a contract between Plaintiff and Mr. Walker.  (*Id.*)  Both parties agree that Mr. Walker was the CEO of EJW Enterprises and negotiated and signed the Consultant Agreement in his capacity as the CEO of the Corporation.  (Compl. at ¶ 2; Defs.' Mot. at 5.)  Plaintiff claims that Mr. Walker was the individual who "made the decision to suddenly and unexpectedly terminate Plaintiff's employment contracts."  (Pl.'s Opp. at 3.)

"A corporate officer acting in his official capacity is not personally liable for the corporation's breach of contract."  *B & M Linen, Corp. v. Kannegiesser, USA, Corp.*, 679 F. Supp. 2d 474, 486 (S.D.N.Y. 2010); *see also Henderson v. Phillips*, 195 A. 2d 400 (D.C. 1963) (president of company who entered into contracts on behalf of company was not personally liable for company's unpaid balance on the contracts).

Exhibits A and B to Defendant's Motion make clear that the Consulting Agreement was between Plaintiff and EJW Enterprises and that Mr. Walker was acting in his capacity as CEO of EJW Enterprises.  Exhibit A, the Consulting Agreement, shows that Mr. Walker signed the Agreement, but above his signature is listed "W Industries" (now EJW Enterprises) as the party. (Def.'s Mot., Ex. A at 4.)  Exhibit B is the letter notifying Plaintiff that his employment contract was being terminated and is signed by Jonathan Quarles, the Director of Governmental Affairs at EJW Enterprises.  (Def.'s Mot., Ex. B.)  The letter makes no reference to and does not have the signature of Edward Walker.  (*Id.*)

In his opposition, Plaintiff argues that corporate officers are not immune from individual liability where they participate in the wrongful conduct.  (Pl's Opp. at 2.)  The authority Plaintiff cites, however, refers to individual liability in *tort* actions, rather than a breach of contract.  *Id.*; *Coastal Abstract Service, Inc. v. First American Title Ins. Co.*, 173 F. 3d 725, 734 (9th Cir. 1999).[3]

Because Mr. Walker's actions in regard to Plaintiff's employment contract were undertaken in his capacity as CEO of EJW Enterprises, including his signing of the Consulting Agreement, Mr. Walker is not personally liable under breach of contract.  Plaintiff retains his breach of contract claim against EJW Enterprises.

### B.  Willful, Malicious and Wanton Misconduct

Defendants argue that Willful, Malicious and Wanton Misconduct is not a recognized cause of action in the District of Columbia.  (Defs.' Mot. at 5.)  Willful, malicious and wanton misconduct is the state of mind required for a finding of punitive damages in the District of Columbia.  *Lurie v. Mid-Atlantic Permenante Medical Group, P.C.*, 729 F. Supp. 2d 304, 334 (D.D.C. 2010).  Punitive damages, however, are not allowed in a pure breach of contract claim. *Caston v. Butler*, 718 F. Supp. 2d 87, 89 (D.D.C. 2010); *Sere v. Group Hospitalization Inc.*, 443 A.2d 33, 37 (D.C. 1982) ("[w]here the basis of the complaint is, as here, a breach of contract, punitive damages will not lie, even if it is proved that the breach was willful, wanton or malicious.")

Punitive damages are available where the breach of contract claim merges with an independent tort.  *Sere*, 443 A.2d at 37.  For the reasons stated below, Plaintiff's tort claim

---

[3]See *supra* III.C for a discussion of Mr. Walker's potential liability in a tort action.

against Defendants will be dismissed.  Therefore, the breach of contract claim has no

independent tort with which to merge.  *See Nugent v. Unum Life Ins. Co. of America*, 752 F.

Supp. 2d 46 (D.D.C. 2010) (dismissing the plaintiff's intentional infliction of emotion distress

claim because the injuries underpinning that claim stem from an alleged breach of contract).

Defendant's motion for summary judgment will be granted as to Plaintiff's claim for willful,

wanton and malicious conduct.

### C.  Tortious Interference with Contract and Inducing Breach

Tortious interference with contract has four elements in the District of Columbia: "(1)

existence of a contract; (2) knowledge of the contract; (3) intentional procurement of breach by

the defendant; and (4) damages resulting from the breach."  *Riggs v. Home Builders Institute*,

203 F. Supp. 2d 1, 22 (D.D.C. 2002) (quoting *Sorrell's v. Garfinkel's*, 565 A.2d 285, 289 (D.C.

1989).

Defendants argue that Plaintiff's Tortious Interference with Contract and Inducing Breach

claim should be dismissed because the facts supporting the claim only implicate Mr. Sypniewski

and not Defendants.  Plaintiff's Complaint alleges that Sypniewki "made threats with the intent

of causing the termination of the Consulting Agreement" and that these threats and general

interference were a substantial factor in EJW Enterprises' decision to terminate the Agreement.

(Compl. at ¶ 18.)  The claim against Mr. Sypniewski has been transferred and he is no longer a

defendant in this Court.  (Order, Dec. 23, 2010.)   Plaintiff does not make any allegations against

Mr. Walker or against EJW Enterprises in support of his tortious interference claim.

Even if Plaintiff made substantive allegations in support of his tortious interference claim,

neither EJW Enterprises nor Mr. Walker can be held liable for the tort.  EJW Enterprises was a

party to the contract and therefore cannot interfere with a breach of the contract. *Farouki v. Petra Intern. Banking Corp.*, 811 F. Supp. 2d 388, 404 (D.D.C. 2011) ("The alleged tort, interference with contractual relations, arises only when there is interference with a contract between the plaintiff and a third party.")  Mr. Walker, an officer of the company, cannot be liable for inducing the company to breach the contract as long as he was acting within the scope of his employment. *Id.*; *Paul v. Howard Univ.*, 754 A.2d 297 (D.C. 2000) ("officers of a University act as agents of the University and thus cannot be held liable for tortiously interfering with a contract between the University and a third party)  Therefore, Plaintiff's tortious interference claim against Defendants will be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment will be granted. A separate order will accompany this memorandum opinion.

Date: July 10, 2012 *nunc pro tunc* June 19, 2012    _____

ALAN KAY
UNITED STATES MAGISTRATE JUDGE